**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HUGO MEJIA MURGUIA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-71943

Agency No. A079-163-283

MEMORANDUM[*]

On Petition for Review of an Order of the
United States Immigration Court

Argued and Submitted February 10, 2020
San Francisco, California

Before:  RAWLINSON and CALLAHAN, Circuit Judges, and LASNIK,[**] District
Judge.

Hugo Mejia Murguia (Mejia) petitions for review of the Department of

Homeland Security's (DHS's) reinstatement of his prior removal order.  He also

petitions for review of a decision by an Immigration Judge that he failed to

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

establish a reasonable possibility of persecution or torture if returned to Mexico. We have jurisdiction under 8 U.S.C. § 1252, and dismiss in part and deny in part.

**1.** Our review of a reinstatement order is limited to whether the petitioner: (1) was an alien; (2) was subject to a prior removal order; and (3) illegally reentered the United States. *See Villa-Anguiano v. Holder*, 727 F.3d 873, 877-78 (9th Cir. 2013). None of these findings is challenged. Consequently, unless Mejia can raise a cognizable constitutional claim or question of law, we lack jurisdiction to review the merits of the reinstatement order. *See id.*

**a.** No egregious violation of the Fourth Amendment or violation of 8 C.F.R. § 287.8 occurred in this case. Mejia has not shown that he was detained solely because of his ethnicity. Rather, he was detained because his submitted identification information was initially determined to be false. *See Sanchez v. Sessions*, 904 F.3d 643, 651 (9th Cir. 2018).

**b.** DHS did not arbitrarily or capriciously exercise its discretion in placing Mejia in reinstatement proceedings. DHS's exercise of discretion was sufficiently tied to the purposes of the immigration laws and an appropriately operating immigration system. Indeed, Congress initiated the summary reinstatement procedure to expeditiously remove non-citizens who are not entitled

to admission. *See Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 494 (9th Cir. 2007), *as amended*. And we have previously upheld DHS's exercise of its reinstatement discretion as a reasonable interpretation of the Immigration and Nationality Act (INA). *See Perez-Guzman v. Lynch*, 835 F.3d 1066, 1081-82 (9th Cir. 2016).

     **c.**     The reasonable fear procedure was not *ultra vires*. As Congress intended reinstatement proceedings to be summary in nature, and to rapidly identify and assess potential claims for relief, DHS's implementation of the INA was reasonable. *See id.* at 1080.

     **d.**     Even if the denial of counsel during reinstatement proceedings constituted a due process violation, no prejudice ensued because Mejia failed to establish a plausible claim for relief. *See United States v. Valdez-Novoa*, 780 F.3d 906, 915 (9th Cir. 2015), *as amended*.

     **e.**     Mejia failed to establish that the reinstated removal order was unlawful or that a gross miscarriage of justice occurred, as he: (1) was provided an interpreter during the prior proceedings; (2) affirmed that all his responses were true and correct; and (3) was served a copy of the order. *See Villa-Anguiano*, 727 F.3d at 877-78.

Because Mejia failed to raise a cognizable constitutional claim or question of

3

law regarding the reinstatement order, we lack jurisdiction to review the merits of the order. *See Villa-Anguiano*, 727 F.3d at 877-78. The petition for review is dismissed as to Mejia's challenge of the merits of the reinstatement order. *See id.*

2. Substantial evidence supported the finding that Mejia failed to establish a reasonable fear of persecution if returned to Mexico. Specifically, Mejia failed to show likely persecution based on anti-corruption or anti-gang imputed political opinion. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016), *as amended*. Additionally, even if the particular social group of Americanized men in Jalisco, Mexico, was exhausted, Mejia presented no evidence that this particular social group has been recognized. *See Reyes v. Lynch*, 842 F.3d 1125, 1136-37 (9th Cir. 2016).

3. Mejia failed to establish that he would more likely than not be tortured if returned to Mexico. Mejia's general assertions about crime and corruption were too attenuated and speculative to sustain a claim of torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Nor did Mejia present enough evidence that wealthy landowners in Jalisco, Mexico or returning Mexicans with family in the United States constitute a sufficiently particular social group.

**PETITION DISMISSED in part, and DENIED in part.**